# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT HUFF,**

          Plaintiff,

          -vs-

**Case No. 08-C-426**

**DODGE COUNTY DETENTION FACILITY,**
**BROWN COUNTY JAIL,**

          Defendants.

## DECISION AND ORDER

The *pro se* plaintiff, Robert Huff ("Huff"), alleges that the defendants, Dodge County Detention Facility ("DCDF") and Brown County Jail ("BCJ"), violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to respond to his requests for information.

The defendants move to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In considering this motion, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). A complaint should be dismissed for failure to state a claim when the plaintiff has no legal claim, even assuming all of the facts in the complaint are accurate. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

Under the FOIA, "an 'agency' is defined as 'each authority of the Government of the United States.' A Wisconsin state agency is therefore not under the purview of [FOIA]." *State ex. rel. Hill v. Zimmerman*, 196 Wis. 2d 419, 428 n.6 (Ct. App. 1995); *see also Mamarella v. County of Westchester*, 898 F. Supp. 236, 237 (S.D.N.Y. 1995) ("plain language of the FOIA precludes its application to state or local agencies") (collecting cases). The Court takes judicial notice of the fact that DCDF and BCJ are governmental entities and subunits of the State of Wisconsin. *See* Wis. Stat. s. 59, *et seq.*; http://www.wicounties.org/; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (court may avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the Rule 12(b)(6) standard). Therefore, Huff cannot state a claim against DCDF or BCJ under the FOIA.

Huff alleges that DCDF and BCJ house federal inmates under contract with the United States government. This does not bring DCDF, BCJ, or their records pertaining to Huff under the purview of the FOIA. *See Forsham v. Harris*, 445 U.S. 169, 180 (1980) ("Grants of federal funds [do not] serve to convert the acts of the recipient from private acts to governmental acts [subject to FOIA] absent extensive, detailed, and virtually day-to-day supervision").

-2-

Case 2:08-cv-00426-RTR   Filed 12/01/08   Page 2 of 3   Document 16

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The defendants' motion to dismiss [D. 9] is **GRANTED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2008.

                                          **SO ORDERED,**

                                          *s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **Chief Judge**